## DEVOE v. ATLANTA PAPER CO.
### No. 2244.

District Court, N. D. Georgia, Atlanta Division.

July 31, 1941.

---

[1] No opinion for publication.

Wm. G. McRae, of Atlanta, Ga., for plaintiff.

Hirsch, Smith & Kilpatrick, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on regularly for hearing on the merits and on the motion to dismiss and was tried to the Court without a jury.

Petitioner sues to recover alleged actual unpaid minimum wages and unpaid overtime earnings amounting to $132.40, and for an additional equal amount of liquidated damages and a reasonable attorney's fee.

### Findings of Fact.

Defendant, during the times in question in this suit, was engaged in interstate commerce and substantially all of the goods manufactured by it were produced for interstate commerce and sold and transported therein.

Petitioner was employed as a foreman in the storage, handling and receiving department of defendant and it was his duty to manage said department and to supervise and direct other employees in said department, to receive shipments of raw ma-terials, direct their handling and storage by other employees, to hire and fire employees in said department. Petitioner customarily and regularly directed the work of other employees in his department and made suggestions and recommendations as to advancement and promotion, and any other change in status of the employees under him, and customarily and regularly exercised executive and discretionary powers. Plaintiff did no substantial amount of work of the same nature as that performed by employees working under him in said department. Plaintiff was paid a salary of $16.15 a week. The duties of plaintiff were exactly those defined by the Administrator as the duties of an "employee employed in a bona fide executive * * * capacity," except that he was paid less than $30 per week.

Plaintiff was employed by defendant from the 1st day of October, 1939, to January 2, 1940. The evidence is very vague about the excess hours claimed to have been worked and there is no way to determine accurately this fact except for a period comprising the weeks ending November 7, 14, 21 and 28th, and December 5, 12 and 26th, 1939, and one week the date of which was not fixed, during which time plaintiff kept a record of his work time and testified that it amounted to a total of 466.75 hours, while the number of hours permitted, without paying overtime, by the Fair Labor Standards Act, was, for this period, 336 hours, which showed 130.75 excess hours. The contract of employment did not provide for any definite number of hours, but plaintiff testified in a general way that he began work between six and seven o'clock in the morning and worked as long as it was necessary, sometimes into the night. This, however, is insufficient data to base any satisfactory computation. The only reasonable basis that might be used is the average number of hours worked by plaintiff during the period he kept a record of his time, that is, for the period between the week ending November 7th and that ending December 26, 1939, which average shows an actual work week of 58.34 hours, as against 44 hours and 42 hours, respectively, authorized by the Fair Labor Standards Act. This computation would show overtime of 28.68 hours for the first period, and 163.43 hours for the second period. Accepting the average work week as being 58.34 hours as the contract or basic week for determin-

ing the hourly compensation, we get a rate of 27.68¢ per hour, and time and a half rate of 41.52¢ per hour for the period beginning October 1, 1939 and ending October 23, 1939, and 45¢ per hour for the period beginning October 24, 1939, and ending January 2, 1940.

### Conclusions of Law.

The Fair Labor Standards Act is constitutional and defendant is subject thereto.

The Fair Labor Standards Act covers all employees of defendant, except such as are exempted by the following language of the Act, 29 U.S.C.A. § 201 et seq.: "The provisions of sections 6 [206] and 7 [207] shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator)." 29 U.S.C.A. § 213(a).

By regulation, the Administrator has defined the term "employee employed in a bona fide executive * * * capacity" as follows: "The term 'employee employed in a bona fide executive and administrative * * * capacity' in Section 13(a) (1) of the Act shall mean any employee whose primary duty is the management of the establishment, or a customarily recognized department thereof, in which he is employed, and who customarily and regularly directs the work of other employees therein, and who has the authority to hire and fire other employees or whose suggestions and recommendations as to the hiring and firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and who customarily and regularly exercises discretionary powers, and who does no substantial amount of work of the same nature as that performed by non-exempt employees of the employer, and who is compensated for his services at not less that $30 (exclusive of board, lodging, or other facilities) for a workweek."

Subsequent to the formulation of the above definition, and subsequent to the filing of this suit, the Administrator has redefined the term "employee employed in a bona fide executive and administrative * * * capacity" by changing the limitation of $30 per week to $200 per month, the pertinent language being as follows:

any employee "who is compensated for his services on a salary or fee basis at a rate of not less than $200 per month (exclusive of board, lodging, or other facilities, * * *)"

The power to define "employee employed in a bona fide executive * * * capacity," delegated in the Act to the Administrator, is constitutional, and is constitutionally exercised where the definition is within the limits laid down by Congress. These limits are marked out by the fair and natural meaning of the words "bona fide executive * * * capacity." The definition is within such limits if the Administrator restricts it within the bounds of such meaning and does not add an element which has no reasonable connection with its connotation. To add such element is to legislate, not to define. The question here presented is whether or not the provision that the salary must be at least $30 a week, added by the Administrator to his definition of the term executive capacity, is a natural and admissible attribute of the term "bona fide executive and administrative * * * capacity."

Although the Administrator may legally define the term administrative employee with wide discretion within the meaning of such term, he can not go beyond that and add elements which form no part of such conception. In other words, he can not add an element which is not a real incident to executive work. He can not go outside of the meaning of such words and add an element not intended by Congress and virtually legislate to bring in a class of employees not intended. It is clear from the record in this case, and conceded by both sides, that plaintiff was an employee employed in a bona fide administrative capacity within the usual meaning of such word and also within the definitions of the Administrator, except with respect to the limitation of $30 a week salary. It might have been wiser for Congress to have classified employees to be covered by the Act upon the basis of their earnings, or to have added with respect to administrative officers the additional requirement of a minimum salary, but it did not do so, and in my opinion, the Administrator can not, by adding such requirement, which has no relation to the character of the work performed, bring within the scope of the Act a class of employees not intended. The fact that an executive may work for less than $30 per week or

even $1 a year does not alter the fact that he is an executive.

■ Upon the foregoing findings of fact and conclusions of law, it is ordered, adjudged and decreed that plaintiff does not come within the provisions of the Fair Labor Standards Act and that said complaint does not state a cause of action, and same is hereby dismissed.