**CHEPARD et al. v. MAY et al.**

District Court, S. D. New York.

Jan. 27, 1947.

Ramey & McKelvey, of New York City, (William McKelvey, of New York City, of counsel), for plaintiffs.

Joseph G. Abramson, of New York City (I. Robert Feinberg, of New York City, of counsel), for defendants.

CONGER, District Judge.

These are cross-motions for summary judgment on an agreed statement of facts.

This action has been brought by the plaintiffs under section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover unpaid overtime compensation and liquidated damages together with a reasonable attorney's fee.

The plaintiffs are engineers who were employed by the defendants under written agreements setting forth in detail the conditions of employment and the rates of compensation. It is agreed that they were engaged in interstate commerce within the meaning of the Act.

The defendants are and since 1925 have been engaged in the business of industrial management and consultant, rendering services to business concerns with regard to methods and techniques in all phases of business management. In short, they perform the functions of the well-known

"efficiency expert." Their organization is divided into four departments, each dealing with a different branch of the activities, and in addition, a school for employees is maintained.

The contracts of employment provided for compensation at a certain amount per hour for each hour their employer billed the client; in addition time and one-half was to be paid on all billed hours over forty billed hours per week. Transportation and actual living expenses ("when assigned out of the city where headquarters are located") were paid. When the employee attended the school of instruction he was paid at a certain rate per hour attended.

The plaintiffs claim overtime compensation for (1) non-billable hours worked in excess of forty hours in any workweek; (2) hours in excess of forty when they attended defendants' school of instruction;[1] (3) hours in excess of forty worked hours spent in attending conferences at defendants' offices; and (4) hours in excess of forty spent traveling on defendants' business.

Section 13 of the Act, 29 U.S.C.A. § 213, provides for the exemption of various types of employees from coverage under the Act, and § 13(a) (1) thereof, 29 U.S.C.A. § 213(a) (1), which is involved here, exempts "any employee employed in a bona fide * * * administrative * * * capacity * * * (as such terms are defined and delimited by regulations of the Administrator)."

The Regulations issued by the Administrator in this connection[2] define and delimit an administrative employee as one "(A) who is compensated for his services on a salary or fee basis at a rate of not less than $200 per month (exclusive of board, lodging, or other facilities)," and, in addition[3] performs significant duties of a non-manual nature.

It is agreed by the parties that "the plaintiffs qualified as bona fide administrative employees in all respects required by the definition of such employees contained in Section 541.2 of the Regulations issued by the Wage and Hour Administrator pursuant to Section 13(a) (1) of the Fair Labor Standards Act of 1938, except that said plaintiffs were at all times during the period from December 1, 1942 to April 22, 1944 compensated for their services on an hourly basis * * * (with the exception of the period from November 22, 1943 to April 22, 1944 during which the plaintiff Cleveland was compensated on the daily basis * * *) and were not guaranteed at any time during said period the sum of $200. per month."

It is further agreed that for each full month the plaintiffs were employed by the defendants, the plaintiffs actually received at least $200 as compensation for services rendered in such month.

The defendants contend, and have so pleaded in their answer, (1) that the plaintiffs were administrative employees within the meaning of the Act and the Regulations of the Administrator and were, therefore, exempt, even though they were compensated on an hourly basis; (2) that if Section 541.2 of the Regulations is held to preclude the application of the exemption, it is unconstitutional, and (3) that the plaintiffs are not entitled to overtime in any event.

The defendants' first two objections may be treated together.

In a Report of the Presiding Officer issued on October 10, 1940, to accompany the Regulations involved here, a full discussion was given of the reasons for the promulgation of the Regulations in such form, and the construction thereof.[4] The salary criterion was adopted because it was considered the best indication of the "employer's good faith in claiming that the person whose exemption is desired is

---

[2] Regulations Part 541, Wage and Hour Division, § 541.2. 5 F.R. 4077 .

[3] Section "B" of the Regulations.

[4] See C.C.H. Labor Law Service, Paragraphs 31, 302 et seq.

actually of such importance to the firm that he is properly describable as an employee employed in a bona fide administrative capacity" (Paragraph 31,302.35); and payment on an hourly basis or on any basis less than a weekly pay period was deemed insufficient compliance (Paragraph 31,302.48) where the requisite salary was not guaranteed.

■ The salary requirement does not appear to be an unreasonable or invalid test for administrative status. It is the culmination of extensive hearings by the Administrator in which both labor and management participated; and it should be accorded respect. The instant situation, where the employees received more than $200 in any month, might be deemed to challenge the reason of the rule somewhat, but it must be remembered that general principles are of necessity arbitrary, and to dismiss them upon the arising of an unique circumstance would impose a burden on the Courts to find the true status of an infinite variety of employees and employments. " 'Looked at by itself without regard to the necessity behind it the line or point seems arbitrary. * * * But when it is seen that a line or point there must be, and that there is no mathematical or logical way of fixing it precisely, the decision of the [Administrator] must be accepted unless we can say that it is very wide of any reasonable mark.' " Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 611, 64 S.Ct. 1215, 1218, 88 L.Ed. 1488, 153 A.L.R. 1007,[5] quoting from Mr. Justice Holmes' dissent in Louisville Gas & Electric Co. v. Coleman, 277 U.S. 32, 41, 48 S.Ct. 423, 72 L.Ed. 770; Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124. The Regulations with respect to the term "executive," which are analogous, have been sustained although the specific attack made here was not present. Walling v. Yeakley, 10 Cir., 140 F.2d 830; Fanelli v. United States Gypsum Co., 2 Cir., 141 F.2d 216.[6]

The cases of Addison v. Holly Hill Fruit Products, Inc., supra, and United States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301 do not change this conclusion.

The Addison case, in dealing with the Administrator's definition of "area of production" as used in § 13(a) (10), 29 U.S.C.A. § 213(a) (10), held that Congress had not authorized the Administrator to discriminate within the geographic bounds of an "area of production" between establishments based upon the number of employees. In the instant Regulation, the salary requirement is an initial factor in the definition of an administrative employee, and while the number of employees employed in an establishment within an "area of production" can have no relation to the geographic boundaries of the "area," a salary does have a relation and gives credence to an administrative status.

The Rosenwasser case merely held that workers compensated on a piece rate basis were employees within the meaning of the Act. The decision may not be extended to mean that an administrative employee is such, and so exempt, regardless of his mode of compensation.

■ I hold that the Regulation in suit is reasonable, authorized and valid, and that the plaintiffs are not exempt.

The problems of the extent of the recovery for overtime are now presented.

As stated heretofore, the contracts made no provision for compensation for non-billable work. It appears, however, that despite the contract provisions, the plaintiffs were in fact paid for these hours at the rate provided for billable work. They claim the difference between time and one-half and straight time for these hours when worked in excess of any forty in one week.

■ It is settled that contracts between employer and employee inconsistent with and prohibited by the terms of the Act are illegal and not binding on the employee. Jewel Ridge Coal Corporation v. Local No. 6167, U.M.W.A., 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534, rehearing denied, 325 U.S. 897, 65 S.Ct. 1550, 89 L.Ed. 2007;

[5] Rehearing denied, 323 U.S. 809, 65 S.Ct. 27, 89 L.Ed. 645.

[6] But compare Devoe v. Atlanta Paper Co., D.C.W.D. Georgia, 40 F.Supp. 284; Buckner v. Armour & Co., D.C. N.D. Texas, Ft. Worth Div., 53 F.Supp. 1022.

Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014, rehearing denied, 322 U.S. 771, 64 S.Ct. 1257, 88 L.Ed. 1596.

■ The plaintiffs should recover in accordance with the stipulation for non-billable time when they were actually rendering services to their employer without legal compensation therefor.

■ Conference time and time spent attending defendants' school of instruction were spent at the employer's direction, and overtime compensation should be made therefor.

The question of travel time seems to be one of first impression.

The plaintiffs were required to travel to various parts of the country on their assignments. This travelling occurred during the normal working hours of the day and outside such hours.

In general, travel time has been allowed only in situations where time was necessarily spent in reaching the site of actual productive work, after the employee had initially reported to his employer's place of business. Jewel Ridge Coal Corporation v. Local No. 6167, U.M.W.A., supra; Tennessee Coal, Iron & R. Co. v. Muscoda Local et al. supra; Anderson v. Mt. Clements Pottery Co., 328 U.S. 680, 66 S.Ct. 1187; Walling v. Anaconda Mining Co., D.C., 66 F.Supp. 913. It is plain that the circumstances here are in no respects analogous.

The Administrator has suggested generally that travel time should be allowed where it is spent during the regular working day, but not otherwise. He concedes that it is a question of degree, arising in various situations. Interpretive Bulletin, No. 13, 2 C.C.H. Labor Law Reports, Par. 32,113.

However, it seems to me that it would work a great injustice to the defendants and would extend the concept of "work time" far beyond anything that has heretofore been sustained to permit any recovery under these circumstances. In effect, the employer would be obligated to pay three times (inclusive of liquidated damages) the plaintiffs' regular compensation for each hour the plaintiffs spent in complete idleness, or in any pursuit the circumstances permitted, without the slightest productive return to their employer. In addition, the defendants paid the expenses of the journey.

■ It has been held to be a question of fact whether time spent in non-productive work falls within the Act. Skidmore v. Swift & Co., supra. That being true, then the facts as agreed by the parties in no way warrant an inference that the time consumed in travelling was "work time." In considering the plaintiffs' duties and their mode of working, this time is analogous in principle to the periods spent in reaching the place of employment and returning home of the ordinary worker, and it has never been held that such time is within the coverage of the Act.

I hold that the plaintiffs are not entitled to recover for travel time.

■ The defendants' contention that the plaintiffs were employed on a fee basis is without merit in law or fact.

Plaintiffs' motion for summary judgment is granted in accordance with the above. That is, the plaintiffs are entitled to judgment for (1) non-billable hours worked in excess of forty hours in any work-week; (2) hours in excess of forty when they attended defendants' school of instruction, and (3) hours in excess of forty worked hours spent in conferences at defendants' office. In all other respects the plaintiffs' motion is denied. The defendants' cross-motion is granted with respect to travel time, and otherwise denied.

The parties may submit the figures agreed upon in the judgment.

Settle order in accordance herewith.