**TRIPP v. MAY et al.**
No. 10325.

United States Court of Appeals
Seventh Circuit.
May 22, 1951.

Ralph S. McFarland, Jerome Lerner, Chicago, Ill., for appellants.

Benjamin H. Weisbrod, Sidney K. Jackson, Chicago, Ill. (Wilson & McIlvaine, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued for overtime compensation, liquidated damages, and attorney's fees alleged due under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Defendants answered denying liability and asserting plaintiff's exemption from the provisions of the Act relating to overtime compensation on the ground that he was employed in a bona fide administrative capacity. They also asserted good faith reliance on administrative rulings as a defense to either primary liability or the penalty provisions of the Act. Plaintiff served interrogatories inquiring as to the particular administrative rulings relied upon in defense. Defendants answered the interrogatories and then filed motion for summary judgment based on the same grounds set up in their answer—plaintiff's exemption and their own good-faith dealing with him as an exempt employee.

The matter came on for hearing on defendants' motion for summary judgment. The court, after reciting that he had read and considered plaintiff's complaint with exhibits thereto attached, defendants' answer thereto and their motion with supporting affidavits, and had heard arguments of counsel, denied defendants' motion and rendered findings of fact to the effect that throughout plaintiff's period of employment he was not an "employee employed in a bona fide * * * administrative * * * capacity" as set forth in the regulations of the Administrator of the Wage and Hour Division for the sole reason that plaintiff was not compensated for his services on the salary or fee basis required by such regulations; that the pleadings, exhibits, motion and supporting affidavits did not establish that defendants were relieved from liability or the payment of liquidated damages by reason of the Portal to Portal Act [29 U.S.C.A. § 251 et seq.]; that defendants had admitted

that if plaintiff were entitled to recover, the amount, $368.32, as computed by him, was correct; and that $500 was a reasonable attorney fee for the services rendered by plaintiff's attorney in the action. The court thereupon, "and on motion of the plaintiff," rendered judgment for plaintiff for overtime compensation and liquidated damages totalling $736.64 and $500 attorney fees.

Defendants' first contention is that it was error for the court to entertain and rule on plaintiff's oral cross motion for summary judgment advanced at the time of hearing on defendants' motion, without the requisite ten days' notice. However, as we view the record presented we are not convinced that that fairly describes the court's disposition of this cause. While the hearing was described as "on the motion of defendants for a summary judgment," it appears to be a fair inference from the record that the court and the parties at that time treated it as final and as presenting everything which could be presented in the determination of the issues of the cause. Obviously, the questions of exemption and good faith both presented issues of fact. See Walling v. General Industries Co., 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088; Lassiter v. Guy F. Atkinson Co., 9 Cir., 176 F.2d 984. But they are ultimate facts which must be established by evidence, and the sufficiency of such evidence to establish them is a question of law for the court to determine. Hurd v. Sheffield Steel Corp., 8 Cir., 181 F.2d 269, 271. Here it appears that defendants first asserted exemption and good faith as separate affirmative defenses in their answer to the complaint. They then filed their motion for summary judgment based on the same grounds, attaching thereto the evidentiary facts relied upon to establish each in the form of affidavits of two key executive employees of defendants, and certain documents. Hearing was had, and the court denied defendants' motion and apparently indicated his willingness to rule in favor of plaintiff. One week thereafter, findings of fact and conclusions of law were rendered, and final judgment entered for plaintiff.

Defendants admit that they made no objection to the alleged procedural defect now

asserted, either following the hearing or in their statement of points for appeal, but explain that they were unaware of it, supposing that the rule was as stated in the case, Hooker v. N. Y. Life Ins. Co., D.C., 66 F.Supp. 313. It is true that there has been some conflict of decision on the question. The problem is discussed in 3 Barron and Holtzoff, § 1239:

"This rule [Fed.Rules Civ.Proc. Rule 56, 28 U.S.C.A.] makes no specific provision for a case in which the opposing party, and not the moving party, is entitled to summary judgment. Several cases have held that since the purpose of this procedure is to expedite the disposition of cases, a summary judgment may be rendered against the party moving for judgment and in favor of the opposing party although the latter has made no cross motion for judgment. Other cases have held that such a judgment may not be entered in the absence of a cross motion and have withheld disposition of the motion to allow a cross motion to be made. * * * In considering the principles discussed in this section, it should be kept in mind that a party moving for summary judgment concedes the absence of a factual issue only for the purpose of his motion. For example, a defendant who moves for a summary judgment on the ground that the claim is barred by limitations may contend that there is no issue of fact as to this defense, but if this defense is held ineffective as a matter of law, he may still contend that there is an issue of fact as to his liability on the claim asserted against him."

In our case, defendants did not seek further hearing to establish a different defense. Instead, they state in their brief that they were prepared to prove their good faith by their change in contract to conform with administrative regulations as construed by a decision involving the claim of other alleged administrative employees against themselves. Chepard v. May, D.C., 71 F. Supp. 389. However, this contract was already before the court as one of plaintiff's exhibits, and its sufficiency to meet the objections theretofore urged was for the court to determine.

■ Considering the judgment as a summary one entered on plaintiff's oral motion without notice, we think that under the circumstances disclosed by this record there was no procedural defect in such disposition of the cause. See Hennessey v. Federal Security Administrator, D.C., 88 F.Supp. 664, 668.

■ We find a further reason for approving the entry of a judgment on the record presented. In the instant case the attorney for defendants, in addressing the trial judge, said: "We can't offer anything further on the trial of this case. There is not any dispute as to the facts." And, as suggested in 3 Barron and Holtzoff, § 1239: "In a nonjury case if both parties move for summary judgment and the court finds that there are issues of fact but that the facts have been fully developed at the hearing on the motions, the court may proceed to decide the factual issues and give judgment on the merits. This of course amounts to a trial of the case and is not technically a disposition by a summary judgment." Here it appears that the evidence relied upon to support the issues had been presented to the court and, although Rule 52, FRCP, provides that no findings of fact or conclusions of law are necessary on decisions of motions under Rule 56, the court proceeded to render its findings and conclusions as a basis for judgment. We are convinced that the issues were sufficiently presented to justify the entry of the judgment.

The question remains whether the undisputed facts were sufficient as a matter of law to establish that plaintiff was an exempt employee under the provisions of the Fair Labor Standards Act and regulations promulgated pursuant thereto, and, if not, whether defendants were relieved of liability for payment of the overtime or liquidated damages and fees by the Portal to Portal Act.

Defendants are a co-partnership engaged in the business of industrial management. Plaintiff was in their employ from August 1, 1949 to March 25, 1950, working under two successive contracts of employment, copies of both of which were attached to the complaint. Both provided different scales of pay dependent upon his work assignment. In the first, when he was assigned to the School of Instruction, he was

to receive one dollar an hour for each hour so assigned for the first year of his employment, and thereafter, $50 a week or fraction thereof; when he was assigned to the "Installation Department as a Staff Engineer," he was to receive $1.25 for each hour of his time billed to and paid by a client, plus a participation distribution based on the amount received from each client computed separately. This first contract guaranteed compensation of not less than $50 weekly *when plaintiff was on field assignment,* but it will be noted that it did not guarantee such or any minimum during his assignment in the Training School, nor do we find any firm commitment to assign him at all. The second contract, of January 18, 1950, is similar to the first except that it increases the Training School guarantee to $75 a week after the first year (retaining the one dollar an hour during the first year) and also increases the hourly rate as well as the guaranteed rate to $75 a week "when available and on field assignment for the Installation Department."

■ The Fair Labor Standards Act, 29 U.S.C.A. § 213, provides that the overtime requirements shall not apply in the case of an employee employed in a bona fide administrative capacity as such term is defined and delimited by regulations of the Administrator. Section 541.2 of the Rules and Regulations defines such employee as one who is compensated on a salary or fee basis at a rate of not less than $200 a month (amended as of January 25, 1950, to $75 a week) *and* performs certain types of services. There is no question here but that the field work to which plaintiff was assignable under the contract complied with all the requirements for exemption under the statute and regulations. The record also discloses that during the period of his employment by defendants, with two exceptions, he received at least the minimum compensation for all pay periods, and considerably more for most of them. The exceptions were the weeks of February 12 to 25 when he was paid only $72.24 and $42. Thus, while plaintiff actually received compensation during the period of his employment in excess of the minimum specified by the Administrator's regulation, the fact remains

that for two of the pay periods he received less than the required amount, and also that the guarantee requirement deemed essential under the administrative interpretation (3 CCH Labor Law (4th Ed.) §§ 541.212, 541.-118) was in no way met by the terms of the contract. We are convinced that the record supports the court's finding that plaintiff was not exempt from the coverage of the Act.

■ Defendants further contend that even if plaintiff was not exempt, they must be relieved of liability for the overtime compensation under the Act or at least of the penalty provisions by virtue of §§ 10 and 11 of the Portal to Portal Act, 29 U.S.C.A. §§ 259, 260:

"In any action or proceeding based on any act or omission * * * no employer shall be subject to any liability or punishment for or on account of the failure * * * to pay minimum wages or overtime compensation under the Fair Labor Standards Act * * * if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency * * * or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. * * *

"In any action * * * if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act * * * the court may in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) * * *."

To establish this defense, defendants relied on the affidavit of their general manager disclosing certain correspondence between defendants and a Regional Attorney of the Department of Labor relating to defendants' employees in the same category as plaintiff. This, however, shows no more than that the nature of the work done qualifies employees such as plaintiff for exemption *provided the salary requirements were*

202

*met.* And defendants were told in Chepard v. May, D.C.1947, 71 F.Supp. 389 from which no appeal was taken, that it was not enough that their employees actually received the minimum when the requisite salary was not guaranteed. Judge Conger very carefully considered the applicable law, regulations and administrative interpretation, and concluded that the employees there involved were not exempt. His reasoning is equally applicable here. We have examined the two contracts between plaintiff and defendants and find them wholly inadequate to "provide the guarantee determined by the court (Judge Conger) to be necessary," and find no ground for a reasonable belief on defendants' part that they had thereby complied fully with the regulations. As we have previously stated, both purport to guarantee salary only for the period of field assignment for the first year, and it must be remembered that plaintiff was in defendants' employ less than a year. We agree with the District Court that the matter relied upon to establish defendants' relief from liability under the Portal to Portal Act was insufficient for the purpose.

Judgment affirmed.