94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lisa FORBES, Plaintiff-Appellant,
v.
Carol WALKUP, Captain at Dwight Correctional Center, in her
individual capacity, et al., Defendants-Appellees.
 No. 94-3689.
 United States Court of Appeals, Seventh Circuit.
 Argued June 11, 1996.
Decided Aug. 6, 1996.
 
 Before CUDAHY, KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Lisa Forbes, a state prisoner at Dwight Correctional Center, filed a pro se complaint under 42 U.S.C. § 1983 against several former and current officers of the prison. Forbes presented several claims, one of which was that officers at the prison violated her Eighth Amendment rights by denying her adequate clothing.[1] The district court issued orders which granted judgment to all ten original defendants on all claims, except to defendants Carol Walkup and Sheila Pershey on the Eighth Amendment claim. Walkup and Pershey then filed a motion for summary judgment on this claim, which the district court granted. The district court entered judgment, and Forbes appealed. Upon consideration of Forbes's pro se brief,[2] we appointed counsel for Forbes, and ordered rebriefing and argument. The proper disposition is now clear. We affirm the judgment with respect to those claims and defendants about which Forbes does not raise an argument on appeal. However, we vacate the judgment on the Eighth Amendment claim as to defendants Leah Bantista, Vivian Jeffries, and Carol Beck, Carol Walkup, and Sheila Pershey, and remand for further proceedings.
 
 I. Procedural History
 
 2
 A solid understanding of the procedural history of this case is important. Forbes's verified complaint, filed on May 7, 1992, contained a variety of constitutional and state law claims, arising from events that allegedly occurred from December 10, 1991 to January 17, 1992. The defendants answered the complaint, and Forbes replied. On February 22, 1994, the defendants moved for summary judgment. After Forbes responded to the motion, the district court on April 20, 1994 issued an order granting summary judgment to all defendants on all counts, except the Eighth Amendment claim and the claim alleging denial of due process in disciplinary proceedings. On August 1, 1994, the defendants moved for partial summary judgment, presenting arguments on the due process claim but not on the Eighth Amendment claim.[3] After Forbes's response, the district court on August 30, 1994 entered an order granting the motion for summary judgment on the due process claim. In the same order, the district court granted, on its own motion, judgment for three defendants including Leah Bantista. The order directed the clerk to enter judgment at the close of the case in favor of six defendants, including Leah Bantista, Vivian Jeffries, and Helen Beck, but not including defendants Carol Walkup and Sheila Pershey. Lastly, the order invited the parties to file a motion for summary judgment on the Eighth Amendment claim.[4]
 
 
 3
 Defendants filed a motion for summary judgment on the Eighth Amendment claim on September 26, 1994. As with the prior two motions by the defendants for summary judgment, the clerk of the district court gave Forbes notice of the motion. The notice was dated October 4, 1994, and stated in part that Forbes was "hereby allowed 14 days from the date of this notice in which to respond to the motion." Yet the district court entered its order granting summary judgment to the remaining defendants on October 13, 1994--nine days after the date of the notice. The district court entered judgment on the same day. Forbes's "Opposition to Defendants' Motion for Summary Judgment" and "Memorandum of Law in Support of Denial of Summary Judgment" were filed with the district court on October 21, 1994. The next document received by the district court was Forbes's timely notice of appeal.
 
 II. Analysis
 
 4
 The August 30 order explicitly granted summary judgment to Bantista on the Eighth Amendment claim "on its own motion." The order also granted judgment to Jeffries and Beck, but discussed only the merits of the due process claim against them. The district court apparently assumed that Forbes was not asserting the Eighth Amendment claim against Jeffries and Beck. Yet the complaint alleges, inter alia, that "Defendants Jeffries and Beck failed to take corrective action and recommend that plaintiff's clothing be located or that plaintiff be issued state clothing to wear." Forbes's response to the February motion for summary judgment can be construed to link Jeffries and Beck to the denial of clothing, and her supporting affidavit asserted that "Defendants Jeffries, Beck, and Higgins initiated and approved punishment because the plaintiff insisted on being clothed, but did not respond to plaintiff's need for clothing, despite their knowledge of plaintiff's need." Regardless whether the district court recognized the effect of its ruling, it was in fact granting summary judgment to Jeffries and Beck on the Eighth Amendment claim as it was to Bantista--on the court's own motion.
 
 
 5
 This court has stated that "[u]nless a claim is frivolous, it is rudimentary that a court cannot sua sponte enter summary judgment ... without notifying the parties of its intentions and allowing them an opportunity ... to respond." English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993) (citing Sawyer v. United States, 831 F.2d 755, 759 (7th Cir.1987)); see also Goldstein v. Fidelity and Guaranty Ins. Underwriters, Inc., No. 95-2922, slip. op. at 1-3 (7th Cir. Jun. 21, 1996). The district court did give Forbes notice and an opportunity to respond to both the first and second motions for summary judgment. However, Forbes's Eighth Amendment claim was not made an issue in these two motions. The court refused to grant summary judgment on the Eighth Amendment claim in its April 20 order, observing that the defendants' memorandum of law in support of their motion did not discuss this claim.[5] As noted in section I, supra, the defendants' second motion for summary judgment did not discuss the Eighth Amendment claim either. Thus, Forbes was not on notice to submit a response or evidence concerning the Eighth Amendment claim before the district court granted summary judgment on this claim to Bantista, Beck, and Jeffries.
 
 
 6
 Though not acting sua sponte as it did in its August 20 order, the district court still acted prematurely when granting summary judgment in its October 13 order. Specifically, the district court failed to wait for the full fourteen days provided in its notice to Forbes before granting summary judgment to Walkup and Pershey. An inmate proceeding pro se is entitled to both notice and a reasonable opportunity to respond to a motion for summary judgment. Lewis v. Faulkner, 689 F.2d 100, 101-102 (7th Cir.1982); Ross v. Franzen, 777 F.2d 1216, 1219 (7th Cir.1985). Forbes was given notice of the motion, but was clearly not given a "reasonable" opportunity to respond, when the court promised fourteen days, and only granted nine days.
 
 
 7
 The defendants argue on appeal that Forbes waived a challenge to the district court's precipitous action when she failed to object to the district court. However, the defendants cite for this proposition a case in which the nonmovant was a private corporation represented by counsel. Oberg v. Allied Van Lines, Inc., 11 F.3d 679, 684 (7th Cir.1993) (citing Tripp v. May, 189 F.2d 198, 199-200 (7th Cir.1951) (in which the nonmovant was likewise a private corporation represented by counsel)), cert. denied, 114 S.Ct. 2104 (1994). By contrast, Lewis v. Faulkner and its progeny concern pro se prisoners, and do not suggest a requirement that a pro se prisoner object in the district court (even after Oberg, see Sellers v. Henman, 41 F.3d 1100, 1101-02 (7th Cir.1994)).
 
 
 8
 The defendants also contend that Forbes forfeited her right to respond to the motion for summary judgment by failing to respond timely. The response that Forbes submitted was filed with the district court on October 21, 1994--seventeen days after the date of the fourteen day notice (October 4). However, because the clerk presumably sent the notice to Forbes by mail, Forbes had three days beyond the fourteen days given by the notice to respond to the motion. Fed.R.Civ.P. 6(e). Moreover, at the end of Forbes's response and supporting documents, she certified that these materials were put in an envelope bearing proper first class postage and deposited in the outgoing mailbox of the prison on October 17--thirteen days after the date of the fourteen-day notice. This court has assumed, though not decided, that the mailbox rule established for notices of appeal in Houston v. Lack, 487 U.S. 266, 270 (1988), applies to other pro se prisoner filings. Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir.1992). We conclude that Forbes's response to the motion for summary judgment was timely. Even assuming that a prisoner in certain situations might forfeit her right to respond, Forbes's timely response avoids such a forfeiture.
 
 
 9
 Because Forbes was not given sufficient notice and opportunity to respond before the district court granted summary judgment on the Eighth Amendment claim--initially to Bantista, Jeffries, and Beck, and then to Walkup and Pershey--a remand for further proceedings is appropriate.[6] The judgment is VACATED on the Eighth Amendment claim as to these five defendants, and REMANDED for further proceedings.[7] The judgment is otherwise AFFIRMED.
 
 
 
 [1]
 The complaint contained two other Eighth Amendment claims, regarding conditions in Forbes's cell and the confiscation of Forbes's personal photographs and letters. On appeal, Forbes does not challenge the judgment as to these two claims. When discussing Forbes's "Eighth Amendment claim" in this order, we refer only to the claim alleging a denial of clothing
 
 
 [2]
 The appellees did not submit a brief in response to Forbes's pro se brief
 
 
 [3]
 The district court had issued an order on July 8, 1994 directing the defendants to move for summary judgment "at least with respect to Plaintiff's Fourteenth Amendment claim alleging a denial of due process in prison disciplinary proceedings," finding that this claim at least was probably more suitable for summary judgment than for trial
 
 
 [4]
 Two defendants (Kathy Tucker and Duane Tucker) were dismissed from the case in a September 19, 1994 order that Forbes does not challenge. That left only defendants Walkup and Pershey with an unresolved claim
 
 
 [5]
 The defendants' memorandum of law did summarize Forbes's allegations of a denial of clothing, and was supplemented by affidavits which, among other things, referred to these allegations. Nevertheless, the defendants did no more in their memorandum of law than conclusorily assert that plaintiff failed to state a cause of action for unconstitutional conditions of confinement, and talk in general terms about the standards for Eighth Amendment claims
 
 
 [6]
 We do not mean to express an opinion on the merits of the case. We do note, however, that one of the grounds for the district court's conclusion that Forbes had sufficient clothing to wear--a personal property inventory sheet with a list of Forbes's clothing--is not relevant to this case. The district court's order states that the inventory sheet was dated December 17, 1991. As Forbes points out on appeal, the record contains no inventory sheet dated December 17, 1991. Apparently, the district court was referring to an inventory sheet submitted with the defendants' motion for summary judgment, which defendants in their motion asserted was dated December 17, 1991, but which was in fact dated December 17, 1990
 
 
 [7]
 On remand, the district court may wish to consider appointing counsel for Forbes