830 F.2d 444
 42 Ed. Law Rep. 52
 J.G., by his mother and next friend, MRS. G.; M.W., by her
mother and next friend, Mrs. W.; A.M., by his mother and
next friend, Mrs. M.; and K.M., by her mother and next
friend, Mrs. M.; on behalf of themselves and all persons
similarly situated, Plaintiffs-Appellees,
v.
The BOARD OF EDUCATION OF the ROCHESTER CITY SCHOOL
DISTRICT; John Delvecchio, Archie Curry, Frank Willis,
Irene Frusci, Josephine Genovese, Karen Grella, and Gary
Smith, individually and in their official capacities as
members of the Board of Education of the Rochester City
School District; Laval M. Wilson, in his official capacity
as Superintendent of the Rochester City Schools; Bernard S.
Greenberger, individually and in his official capacity as
Director of the Department of Special Education of the
Rochester City Schools; Robert Lays, individually and in
his official capacity as Assistant Director of the
Department of Special Education of the Rochester City
Schools; Joseph Salemi, individually and in his official
capacity as Assistant Director of the Department of Special
Education of the Rochester City Schools, Defendants- Appellants,
and
The New York State Department of Education, and Gordon M.
Ambach, in his official capacity as Commissioner
of the New York State Education
Department, Defendants.
 No. 998, Docket 86-9083.
 United States Court of Appeals,
Second Circuit.
 Argued April 13, 1987.
Decided Sept. 29, 1987.
 
 Adam D. Kaufman, Rochester, N.Y., for defendants-appellants.
 Elizabeth L. Schneider, Monroe County Legal Assistance Corp., Rochester, N.Y. (Bryan D. Hetherington, Rochester, N.Y., of counsel), for plaintiffs-appellees.
 Before VAN GRAAFEILAND, PRATT and MINER, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Western District of New York (Telesca, J.) awarding attorneys' fees to appellees in a class action brought to compel compliance with federal and State laws governing the identification, evaluation and placement of handicapped students, after the action was settled favorably to appellees. The district court's decision directing the entry of judgment is reported in 648 F.Supp. at 1452. We affirm the awarding of fees, but direct that the amount thereof be reduced to account for the time of appellees' lawyers attributable to appellees' claim against the State defendants, who did not participate in the settlement.
 
 
 2
 This action deals primarily with the Education of the Handicapped Act, 20 U.S.C. Sec. 1401 et seq., whose evolution and major provisions are summarized in Board of Education v. Rowley, 458 U.S. 176, 179-84, 102 S.Ct. 3034, 3037-39, 73 L.Ed.2d 690 (1982). A detailed analysis of the Act's provisions is contained in the Regulations of the Offices of the Department of Education, 34 C.F.R. Pt. 300 and App. C.
 
 
 3
 A key mechanism in the functioning of the Act is the "Individualized Education Program" (IEP), 20 U.S.C. Sec. 1401(19). This Program contemplates a meeting between parents and school personnel for the purpose of jointly deciding what a handicapped child's needs are, what services will be provided to meet those needs, and what the anticipated outcome will be, together with a written record of the decisions made at the meeting. 34 C.F.R. Pt. 300, App. C Sec. 60. Since the IEP is intended as a guideline for the educational processes to be followed in the case of the student involved, its formulation is surrounded by due process safeguards, including adequate notice, appropriate hearings, and the right of appeal. 20 U.S.C. Sec. 1415; 34 C.F.R. Subpt. E Secs. 300.500-300.514. Indeed, the statute and the Department of Education regulations specifically provide for a "due process" hearing if proper identification, evaluation or educational placement procedures are not conducted. 20 U.S.C. Sec. 1415(b)(2); 34 C.F.R. Sec. 300.506; see also id. Pt. 300, App. C Secs. 11, 32, 35.
 
 
 4
 Although section 1415 has been described as a "bill of rights for parents", Vander Malle v. Ambach, 673 F.2d 49, 52 (2d Cir.1982) (quoting Stemple v. Board of Educ., 623 F.2d 893, 898 (4th Cir.1980), cert. denied, 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981)), prior to 1986 it contained no provision for the discretionary payment of attorneys' fees. In Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Court held that, although the successful plaintiffs had included with their section 1415 claim causes of action under the Civil Rights Act, 42 U.S.C. Sec. 1983, and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794, both of which permit awards of attorneys' fees, see 42 U.S.C. Sec. 1988 and 29 U.S.C. Sec. 794a(b), the Education of the Handicapped Act was the "exclusive avenue" through which the plaintiffs could pursue their claim and their request for attorneys' fees. Id. at 1013. Congress promptly amended section 1415 by permitting awards for fees in actions under that section, see subsection (e), and removing the restrictions imposed in the Smith opinion against proceeding under other statutes protecting the rights of handicapped children, see subsection (f). This removal of restrictions was not without its limitations, however. Subsection (f) provides that before the filing of a civil action under other laws seeking relief that also is available under subchapter II of the Act, 20 U.S.C. Secs. 1411-1420, the procedures under subsections (b)(2) and (c) of Sec. 1415, which provide for a hearing and administrative appeal, shall be exhausted to the same extent as would be required had the action been brought under that subchapter.
 
 
 5
 Appellants contend that the several subsections of section 1415, when read together, create an exhaustion of the administrative remedies requirement. They argue that an action under the Act can be maintained only to challenge a final decision of a State administrative agency relating to the evaluation or placement of a specific handicapped student. They say that, since there has been no such exhaustion in the instant case, subsection (f) precludes the awarding of attorneys' fees. Relying largely on legislative history, which we need not repeat herein, the district court rejected that argument. 648 F.Supp. at 1456-58. Under the facts of the instant case, the district court was correct.
 
 
 6
 As found by District Judge Elfvin to whom this case was assigned first, appellees' claims are systemic in that the wrongdoing complained of is inherent in the program for the education of handicapped children that appellants adopted and is not directed against any specific child. 648 F.Supp. at 1457. The alleged systemic wrongs that appellees challenged are summarized in their brief as follows:
 
 
 7
 1. Failing to evaluate students suspected of having a handicapping condition and to classify those students at a Committee on the Handicapped (COH) meeting within 30 days after a referral of the child to the COH.
 
 
 8
 2. Placing students in special education programs without either performing the evaluations required by law or developing Individualized Education Programs (IEPs) with parental participation as required by law.
 
 
 9
 3. Failing to give parents notice containing information about the testing to be performed on their child, their procedural rights in the COH process and the recommendations and reasoning of the COH.
 
 
 10
 4. Obtaining parental consent for special education placements prior to required testing of the child and prior to notifying parents of their procedural rights.
 
 
 11
 5. Failing to keep students in their current educational placement pending review by the COH and refusing to place newly enrolling handicapped students in school pending COH review.
 
 
 12
 6. Failing to place students in special education programs within a reasonable time after a COH recommendation and failing to develop a sufficient number of alternative placements to meet the educational needs of handicapped students.
 
 
 13
 7. Failing to provide handicapped students with an equal opportunity for participation in academic, nonacademic and extracurricular activities.
 
 
 14
 8. Failing to develop IEPs for handicapped students with the required parental involvement and placing students in special education programs before IEPs were developed.
 
 
 15
 9. Failing to inform parents of their right to present complaints and obtain impartial hearings and of how to obtain impartial hearings.
 
 
 16
 10. Failing to inform parents of the availability of residential placements for severely handicapped students and failing to make such placements available.
 
 
 17
 There can be little dispute that claims of generalized violations such as these lend themselves well to class action treatment. See, e.g., Jose P. v. Ambach, 669 F.2d 865, 867-68 (2d Cir.1982); Battle v. Pennsylvania, 629 F.2d 269 (3d Cir.1980), cert. denied, 452 U.S. 968, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981). It is equally clear that where, as here, plaintiffs assert the deprivation of their due process rights to proper notice and hearing, they cannot be faulted for the lack of an administrative hearing and appeal. Quackenbush v. Johnson City School Dist., 716 F.2d 141, 147-48 (2d Cir.1983), cert. denied, 465 U.S. 1071, 104 S.Ct. 1426, 79 L.Ed.2d 750 (1984). Exhaustion of administrative remedies is not required if adequate remedies are not reasonably available. Jose P. v. Ambach, supra, 669 F.2d at 869. The same is true where the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process. McNeese v. Board of Educ., 373 U.S. 668, 674-75, 83 S.Ct. 1433, 1437, 10 L.Ed.2d 622 (1963); Vander Malle v. Ambach, supra, 673 F.2d at 52; Riley v. Ambach, 668 F.2d 635, 640-41 (2d Cir.1981).
 
 
 18
 An examination of the seventy-two page stipulation of settlement, the seventy-five page appendix of new forms and procedures required thereunder, and the district court's findings of fact and conclusions of law approving the settlement, discloses that this litigation went far beyond and accomplished much more than what could have been accomplished through administrative hearings. In the words of Judge Telesca, "[t]he proposed consent judgment provides the class with the relief sought in the first ten claims for relief in that the City defendants have developed plans to correct all the violations of law alleged by the complaint." It fell within the well established exceptions to the doctrine of exhaustion of administrative remedies.
 
 
 19
 We agree therefore that appellees were entitled to an award of attorneys' fees. However, the decisions of this and other courts suggest that the award should be made under the Civil Rights Act, 42 U.S.C. Secs. 1983 and 1988. See Quackenbush v. Johnson City, supra, 716 F.2d at 147-49; Hastings v. Maine-Endwell Cent. School Dist., 676 F.2d 893, 897 (2d Cir.1982); Manecke v. School Board, 762 F.2d 912, 917-21 (11th Cir.1985), cert. denied, 474 U.S. 1062, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986); Monahan v. Nebraska, 687 F.2d 1164, 1172 (8th Cir.1982), cert. denied, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983); Catlin v. Ambach, 644 F.Supp. 161, 164-65 (N.D.N.Y.1986), vacated on other grounds, 820 F.2d 588 (2d Cir.1987); Blazejewski v. Board of Educ., 599 F.Supp. 975, 977-80 (W.D.N.Y.1985). This avoids the troublesome question whether the right to bring a direct cause of action, which does not follow the administrative hearing and appeal route, can be found by implication in section 1415. Since appellees sought relief under section 1983 as well as the Education of the Handicapped Act, appellants will suffer no prejudice from an order directing that the judgment below be amended to provide that the award of attorneys' fees is made under 42 U.S.C. Sec. 1988. For the reasons above stated, it is so ordered.
 
 
 20
 It appears to be conceded, however, that a portion of the attorneys' time for which an award was made was devoted to appellees' claim against the State, which was discontinued. Payment for those hours should not have been included in the award against the City of Rochester. Southeast Legal Defense Group v. Adams, 657 F.2d 1118, 1125 (9th Cir.1981); Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp., 599 F.Supp. 509, 513-14 (S.D.N.Y.1984). Although appellees contend, not without some basis, that the question of apportionment was not squarely raised in the court below, we think that in simple justice the City of Rochester should not be required to pay for the processing of appellees' claim against the State of New York. Accordingly, we remand to the district court for a reduction in its award by an amount that the court finds to be allocable to the prosecution of appellees' claim against the State. Because of the good faith evidenced by the attorneys to date and Judge Telesca's well recognized ability in the field of conciliation, we are reasonably confident that the parties will be able to agree upon what appears to be a relatively minor adjustment.
 
 
 21
 We affirm that part of the district court's judgment which directs the payment of attorneys' fees, but order that the award be made under 42 U.S.C. Sec. 1988 and that it be reduced by such amount as the district court shall find to be allocable to the time spent in processing appellees' claim against the State of New York.
 
 MINER, Circuit Judge, concurring:
 
 22
 If the deficiencies in the Rochester School District program for the education of handicapped children alleged by appellees were subject to correction through the administrative process, it seems clear that exhaustion of administrative remedies would be a prerequisite to any claim for attorneys' fees. Section 1415(e)(4)(B) allows an award of fees to a prevailing party in an action "brought under this subsection." The only actions referred to in subsection (e) are those in which administrative remedies, established under the provisions of subsections (b) and (c), have been exhausted. See 20 U.S.C. Sec. 1415(e)(1), (2). The same exhaustion requirements apply to actions seeking relief for handicapped children under 42 U.S.C. Sec. 1983 and counsel fees under 42 U.S.C. Sec. 1988. See 20 U.S.C. Sec. 1415(f).
 
 
 23
 An examination of the record convinces me that all the challenges mounted by the individual appellees here could have been raised by them in separate administrative proceedings. See Riley v. Ambach, 668 F.2d 635, 641-42 (2d Cir.1981). We have excused the failure to exhaust administrative remedies only under very limited circumstances, none pertinent here. See, e.g., Quackenbush v. Johnson City School Dist., 716 F.2d 141, 148 (2d Cir.1983) (school district alleged to have policy denying special education for financial reasons); Vander Malle v. Ambach, 673 F.2d 49, 52 (2d Cir.1982) (no possibility of favorable administrative decision); Jose P. v. Ambach, 669 F.2d 865, 869 (2d Cir.1982) (Commissioner of Education conceded inability to process appeals expeditiously).
 
 
 24
 In accordance with the foregoing, I would be constrained to dissent from the award of counsel fees in this case because of the failure of appellees to exhaust administrative remedies but for the unchallenged determination of Judge Elfvin excusing exhaustion because "systemic violations" were charged, Memorandum and Order dated March 30, 1982, Joint App. at 304-05. That determination was made in the early stages of the action in response to a motion for dismissal made by appellants. Rather than seeking review of the order in this court by certification pursuant to 28 U.S.C. Sec. 1292(b) or by litigating the matter to conclusion and pursuing the question on direct appeal from the final judgment, 28 U.S.C. Sec. 1291, appellants entered into an extensive stipulation of settlement. They thereby agreed to provide most of the relief sought by appellees and, by implication, conceded their exhaustion argument, admitted that administrative review would be futile, and acknowledged that this lawsuit was proper.
 
 
 25
 Since I agree with the majority that there is ample authority for the award of counsel fees to the prevailing party when direct court action is the only means possible to redress wrongs violative of the statutory scheme providing for the education of handicapped children, I have no alternative but to concur in this opinion.