**Joseph A. LEVINE, Plaintiff–
Appellant,**

v.

**GREECE CENTRAL SCHOOL DISTRICT, Monroe 2—Orleans Board of Cooperative Educational Services, David Mancuso, Kathleen Madonia, Donald Nadolinski, Deborah Hoeft, Amy Peritsky, and Kenneth Merkey, Defendants–Appellees.**

**No. 09–0910–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2009.

Jeffrey Wicks, Law Office of Jeffrey Wicks (Seth T. Molisani, on the brief), Rochester, N.Y., for Plaintiff–Appellant.

Dale A. Worrall, Harris Beach LLP, Pittsford, N.Y., for Defendants–Appellees Greece Central School District, Donald Nadolinski, Deborah Hoeft, Amy Peritsky, and Kenneth Merkey.

Michael S. Cerrone, Webster Szanyi LLP, Buffalo, N.Y., for Defendants–Appellees Monroe 2—Orleans Board of Cooperative Educational Services, David Mancuso, Kathleen Madonia.

PRESENT: PIERRE N. LEVAL, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Joseph A. Levine ("Levine") appeals from a judgment of the United States District Court for the Western District of New York (Telesca, J.) entered on February 4, 2009, 2009 WL 261470, granting the motions to dismiss of Defendants–Appellees Greece Central School District ("GCSD"), Donald Nadolinski, Deborah Hoeft, Amy Peritsky, and Kenneth Merkey (collectively "District Defendants") and Monroe 2–Orleans Board of Cooperative Educational Services ("BOCES"), David Mancuso, and Kathleen Madonia (collectively "BOCES Defendants"). Levine brought suit against Defendants–Appellees for violations of the Individuals with Disabilities Education Act (IDEA), § 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983, in relation to injuries he suffered while a student at GCSD and BOCES from 2005 until 2007, and for Defendants–Appellees' alleged failure to provide him with a free appropriate public education (FAPE) as required by the IDEA. The district court dismissed Levine's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) because Levine had failed to exhaust his administrative reme-

dies as required by the IDEA and did not sufficiently allege that any exception to the exhaustion requirement applied. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) de novo for conclusions of law; we must also accept the facts alleged in the complaint as true. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006). We may affirm on any basis supported by the record, including grounds not relied on by the district court. *See, e.g., Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir.2006).

### A. The IDEA's Exhaustion Requirement

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir.2004). This administrative process "includes review by an impartial due process hearing officer and an appeal from that hearing." *Id.* (citing 20 U.S.C. § 1415(f), (g)). A party who, under other federal statutes, seeks relief that is also available under the IDEA must satisfy the IDEA's exhaustion requirements. *See id.* at 116; 20 U.S.C. § 1415(*l*).

There is no dispute that Levine did not exhaust the administrative remedies available to him and required by the IDEA. The parties do dispute whether the IDEA's exhaustion requirement is jurisdictional—that is, whether failure to exhaust administrative remedies prevents a federal court from exercising subject matter jurisdiction over the claim, or whether failure to exhaust is merely an affirmative defense that must be raised by the defendant or else is subject to waiver or forfeiture. Whether or not the exhaustion requirement is jurisdictional, exhaustion of administrative remedies is a prerequisite to a civil suit unless the plaintiff can allege that an exception should apply. *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204–05 (2d Cir.2007). We need not address whether it is jurisdictional. Both sets of defendants raised the exhaustion issue before the district court. *See id.* at 204 (declining to decide whether the IDEA exhaustion requirement is jurisdictional as the defendants did not waive the argument that plaintiff had not exhausted remedies).

Levine argues that, if exhaustion of administrative remedies is merely an affirmative defense, it was premature for Defendants to assert it in a pre-answer motion to dismiss and thus it was waived. We disagree, because the complaint concedes that Levine failed to exhaust administrative remedies. Under those circumstances, when the complaint on its face shows that there is no possibility that it could be amended to allege facts that, if true, would demonstrate that the plaintiff satisfied the exhaustion requirement, failure to exhaust is a proper ground for a motion to dismiss. *See Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir.2006) (describing this "shortcut"); *cf. United States v. Moreno–Rivera*, 472 F.3d 49, 50 n. 2 (2d Cir.2006) (per curiam) (noting that government's objection to the timeliness of appeal could be asserted in motion to dismiss appeal).

### B. Equitable Estoppel

Levine further argues that Defendants should be estopped from asserting an exhaustion defense because Defendants made misrepresentations to Levine's parents regarding the necessity of administra-

tive remedies. The complaint alleges that in late 2005, a GCSD official, Defendant Kenneth Merkey, told the Levines, in response to Mr. Levine's statement that he thought an impartial hearing was needed, that "there was not a need to hold such a meeting; further ... that they (GCSD) will get Joseph the help he needs." Compl. ¶ 63. The complaint further alleges that this statement "induced Mr. Levine not to take action on behalf of Joseph ... [and] discouraged Mr. Levine from exhausting administrative remedies." *Id.* ¶ 64. We note that the complaint alleges nothing that would support an estoppel argument against the BOCES Defendants; therefore this argument is inapplicable to them.

Assuming the facts alleged are true, they do not support an equitable estoppel argument. The complaint alleges that Merkey made his statement to Levine in "late 2005." Compl. ¶ 63. However, many of the complaint's allegations center around conduct of Defendants that took place in 2006 and 2007. *See, e.g., id.* ¶¶ 24, 31–49, 66–69. Moreover, the complaint discloses that Levine filed a complaint with the New York State Education Department (SED) in March, 2006. *Id.* ¶ 58. The SED complaint shows that the Levines did not rely on Merkey's statement that GCSD would provide Joseph the help needed. Moreover, to support an equitable estoppel argument, a party must show that its detrimental reliance was reasonable under the circumstances. *See Paese v. Hartford Life Accident Ins. Co.,* 449 F.3d 435, 447 (2d Cir.2006). The complaint alleges that conditions for Levine did not improve after late 2005 and that the district continued to fail to provide him a FAPE. Compl. ¶ 73. The complaint alleges no facts that would indicate that, under these circumstances, the Levines' continued reliance on Merkey's statement was reasonable. We conclude that the

District Defendants are not estopped from arguing that Levine failed to exhaust administrative remedies.

### C. Futility

Levine argues that he should be excused from satisfying the IDEA's exhaustion requirements on the ground that it would have been futile for him to resort to the available administrative remedies. A plaintiff is excused from the IDEA's exhaustion requirement if he proves that "it would be futile to resort to the IDEA's due process procedures." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* 297 F.3d 195, 199 (2d Cir.2002). "[A] plaintiff must demonstrate that 'adequate remedies are not reasonably available,'" *Coleman,* 503 F.3d at 205 (quoting *J.G. by Mrs. G. v. Bd. of Educ.,* 830 F.2d 444, 447 (2d Cir.1987)), "or that 'the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process.'" *Id.* (quoting *Heldman v. Sobol,* 962 F.2d 148, 158 (2d Cir.1992)). The party seeking to be excused from the exhaustion requirement bears the burden of proving futility. *Polera v. Bd. of Educ.,* 288 F.3d 478, 488 n. 8 (2d Cir.2002).

None of the grounds for futility asserted by Levine are supported by the complaint. First, Levine argues that Merkey's statement to his parents constituted action by the defendants that caused the Levines not to exhaust the available administrative remedies. Although we have suggested that parents who are denied the opportunity by the school district to pursue administrative remedies are not subject to the IDEA's exhaustion requirement, *see, e.g., J.G.,* 830 F.2d at 447, the complaint here alleges nothing to suggest that Defendants took any action that prevented the Levines from seeking an impartial hearing. Moreover, it is undisputed that the Levines received Procedural Safeguards Notices

from the District informing them of the availability of such remedies. Compl. ¶¶ 61–62. For the same reasons that Merkey's statement does not estop the District Defendants from asserting a failure-to-exhaust argument, we conclude that the statement also does not amount to an action that prevented the Levines from seeking further review in late 2005 when it was made, or at any point thereafter.

Second, Levine argues that he should be excused from exhausting administrative remedies because the Defendants failed to implement the provisions of his Individualized Education Program (IEP). The complaint, however, alleges that not only did Defendants fail to implement Levine's IEP, Compl. ¶¶ 55, 59–60, but also that Levine's existing IEP was not "appropriate," *id.* ¶¶ 55, 60, and that Defendants failed in various other ways to provide Levine with a FAPE. Our cases that have allowed plaintiffs to avoid the exhaustion requirement due to a school district's failure to implement a student's IEP have done so only in narrow situations in which the plaintiff's claim is limited to the allegation that "a school has failed to implement services that were specified or otherwise clearly stated in an IEP." *Polera*, 288 F.3d at 489; *see also SJB ex rel. Berkhout v. N.Y. City Dep't of Educ.*, No. 03 Civ. 6653, 2004 WL 1586500, at *5 (S.D.N.Y. July 14, 2004). The complaint's allegations are clearly far broader than the Defendants' failure to implement specific concrete requirements of an IEP, and therefore do not support the argument that it would have been futile for Levine to seek administrative remedies for Defendants' alleged conduct.

Finally, Levine argues that because the problems at GCSD and BOCES were "systemic," failure to exhaust administrative remedies would be futile because such remedies would not be able to solve the larger problems with the way GCSD and BOCES deal with students with special needs. The basis for this argument is that GCSD was the defendant in a class action law suit, *K.B. et al. v. Board of Education of the Greece Central School District*, which alleged that GCSD failed to provide FAPEs to "students requiring special education services." Compl. ¶ 65. The class action was settled in August, 2007. *Id.* We have, however, only allowed a plaintiff to be excused from the exhaustion requirement when the plaintiff challenges conduct that administrative remedies, which focus on the individual needs of particular students, have "no power to correct." *J.S.*, 386 F.3d at 113. These are cases involving "the framework and procedures for assessing and placing students in appropriate educational programs" or which involve a high volume of complaints challenging general practices by defendants that allegedly violate the IDEA. *Id.* at 114; *see also id.* at 113–14 (collecting cases). Because, as the district court noted, it is clear from the complaint that Levine is challenging the Defendants' treatment of him individually, and does not make allegations other than in conclusory fashion that his situation resulted from systemic violations of the IDEA, *see* Compl. ¶ 65, we conclude that it would not have been futile for him to resort to administrative remedies.

## D. Conclusion

We conclude that, even if failure to exhaust administrative remedies under the IDEA does not divest the federal courts of subject matter jurisdiction, Levine's complaint contains no allegations sufficient to demonstrate that his failure to comply with this mandatory statutory requirement should be excused. We have considered Levine's remaining arguments and find them to be without merit. For the forego-

ing reasons, the judgment of the district court is hereby AFFIRMED.