**INDEPENDENT SCHOOL DISTRICT NO. 623, ROSEVILLE, MINNESOTA, Appellant,**

v.

**Sharon DIGRE, for herself and as parent and next friend of Sean Digre, Appellee.**

No. 89–5146.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1989.

Decided Jan. 12, 1990.

Christine M. Scotillo, Minneapolis, Minn., for appellant.

Gayle Gaumer, Edina, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Independent School District No. 23 (Roseville) appeals from a final order entered in the District Court[1] for the District of Minnesota awarding Sharon Digre $10,-791.25 as attorney's fees under the Education for All Handicapped Children Act, 20 U.S.C. §§ 1400–1485 (1982 & Supp. V 1987) (EHA). For reversal, Roseville argues the district court abused its discretion in failing to consider special circumstances which made the award of attorney's fees unjust, and by awarding attorney's fees for the pursuit of unnecessary administrative proceedings. For the reasons stated below, we affirm the order of the district court.

## I.

In order to understand the context within which this appeal arises, we briefly review the facts and lengthy procedural history of this case.[2] Sean Digre is a high school age boy who lives with his mother, Sharon Digre, within the boundaries of the Roseville school district. In 1984, while in the sixth grade at Parkview Middle School, Sean experienced academic and emotional problems. Roseville requested and received permission to conduct an assessment of Sean in the areas of ability, achievement, and social/emotional skills. The assessment found that Sean possessed above average ability, but that behavioral problems impeded his academic progress. On February 8, 1985, an individual educational program (IEP) team, which included Sharon Digre, met to discuss the results of the assessment and to determine Sean's educational needs. The IEP team determined that no special educational services were necessary at that time.

Because Sean continued to experience behavioral and academic problems, Roseville requested and received Sharon Digre's approval to conduct another assessment. The second assessment also found that Sean had behavioral problems which impeded his academic progress. On September 26,

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. For further discussion of the underlying facts of this case, see this court's opinion in *Digre v. Roseville Schools Independent District No. 623,* 841 F.2d 245 (8th Cir.1988) (*Digre I*).

1985, the IEP team met and decided to provide Sean level three special education services[3] at his school. The IEP team described Sean's condition as "behaviorally disordered."

Sean did not respond well to the special education program, and the IEP team requested and received Sharon Digre's approval to conduct a third assessment. Ms. Digre also approved Sean's placement in a 30-day diagnostic program at the Developmental Center located at Capitol View Middle School. Following this assessment, the IEP team recommended that Sean be placed for one year at the Capitol View Middle School Developmental Center and receive level four special education services.

At the Developmental Center, Sean continued to receive poor grades and misbehave. In the fourth quarter, he was placed in regular classes on a trial basis. Although he received poor grades in regular classes, the IEP team determined on May 30, 1986, that Sean was making some progress and saw no need to modify his program. The IEP team decided to conduct a fourth assessment in the fall of 1986 and continue to mainstream Sean into regular classes in the meantime.

Prior to the 1986–87 school year, Sean moved to a different town to live with his father. Sean attended regular classes until the new school received his records from Roseville, after which school officials sought to place him in special education. Ms. Digre refused to consent to this placement, and Sean continued to attend regular classes.

In October 1986, Sean moved back to Roseville to live with his mother. When Ms. Digre attempted to enroll Sean in school, Roseville informed her that Sean would be required to attend special edu-

cation classes pending the completion of another assessment. Sharon Digre refused to consent to the assessment and requested a conciliation conference. After an unsuccessful conciliation conference in early January 1987, Ms. Digre requested a due process hearing through her attorney on January 30, 1987.[4]

A state hearing officer was appointed at Roseville's request on March 13, 1987. Pursuant to a prehearing conference, the officer issued a pretrial order on April 10, 1987, which limited the issues to be addressed at the hearing. Ms. Digre proposed to address not only whether a fourth assessment was necessary, but also whether Sean's initial and continuing placement in special education was appropriate. Interpreting Minn.Stat.Ann. § 120.17 (West Supp.1989), the hearing officer held that a hearing was proper only to address the "proposed" actions of Roseville. In a hearing held on April 15, 1987, the officer determined that Roseville's proposed assessment was proper. The hearing officer also held that Sharon Digre could not challenge Sean's current placement, and that any significant change in Sean's program required an assessment.

Pursuant to 20 U.S.C. § 1415(c), Ms. Digre appealed the officer's substantive decision and his refusal to address Sean's initial identification and placement to the Deputy Commissioner of Education (Commissioner). Without addressing the officer's refusal to consider the initial identification and placement issue, the Commissioner affirmed the officer's decision to order an assessment.

Sharon Digre filed this lawsuit under the EHA and 42 U.S.C. § 1983 (1982) on August 21, 1987, seeking an order reversing the hearing officer's decision and a declara-

---

**3.** In Minnesota, six levels of special education services are offered. Level one is for students with minimal special educational needs; level six is for students with the greatest degree of need for special education services. Minn.R. § 3525.2340 (1989).

**4.** On January 28, 1987, Sharon Digre filed a motion in district court seeking a preliminary injunction enjoining the school district from

placing Sean in special education. The district court denied injunctive relief. In *Digre I,* 841 F.2d at 250–51, this court held that Roseville had complied with the "stay put" provisions of the EHA, *see* 20 U.S.C. § 1415(e)(3), by proposing to place Sean in special education when he returned to Roseville, and affirmed the district court's denial of Sharon Digre's motion for a preliminary injunction.

tory judgment that the EHA affords Sean the right to a full due process hearing on any issue relating to his identification, evaluation, and placement.[5] On December 16, 1987, the district court, relying on the EHA, granted Ms. Digre's motion for partial judgment on the pleadings and ordered that Roseville grant Ms. Digre a due process hearing addressing her objections to Sean's educational evaluation and placement.

Sharon Digre subsequently moved the district court for an award of $21,582.50 attorneys' fees pursuant to 20 U.S.C. § 1415(e)(4)(B) and 42 U.S.C. § 1988 (1982). In a memorandum and order dated September 1, 1988, the district court found that Sharon Digre was a prevailing party within the meaning of the EHA attorneys' fees provision[6] and was entitled to attorneys' fees in the amount of $10,791.25 (one-half the amount requested).[7]

On February 16, 1989, the district court issued a final order dismissing the complaint or, in the alternative, granting summary judgment in Roseville's favor as a sanction for Sharon Digre's failure to appear for court-ordered depositions. Roseville filed this timely appeal of the district court's September 1, 1988 order awarding Ms. Digre attorneys' fees.

## II.

A district court's award of attorney fees under the EHA will be reversed only for an abuse of discretion. *Fontenot v. Louisiana Bd. of Elementary & Secondary Education*, 835 F.2d 117, 120 (5th Cir.1988). On this appeal, Roseville concedes that Sharon Digre is a prevailing party. Brief for Appellant at 13. Roseville alleges that the district court failed to consider the existence of special circumstances which rendered the award unjust.

Roseville argues that this case is controlled by *Rose v. Nebraska*, 748 F.2d 1258 (8th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985) (*Rose*). In *Rose*, the court held that special circumstances existed which made requiring a school district to pay an EHA attorneys' fees award unjust. 748 F.2d at 1264. Roseville claims that special circumstances exist here because it would be unjust to require it to pay attorneys' fees resulting from the state hearing officer's erroneous refusal to consider Sean's initial identification and placement, and the affirmance of this decision by the Commissioner. Roseville argues that the congressional purpose behind the enactment of the EHA would not be furthered by holding the school liable for actions of state officials it does not control.

■ Special circumstances rendering the award of attorneys' fees unjust do not exist in this case. First, the *Rose* court was careful to note that the local school district had not done anything to deny the plaintiff due process, but rather it was the subsequent actions of state officials and a faulty Nebraska procedural statute which denied plaintiff due process. *Id.* at 1264. Although Roseville contends that it only took those actions which it reasonably believed were necessary to comply with state law, it continually opposed a due process hearing which would have addressed the major concern raised by Sharon Digre—the identification and placement of Sean as handicapped. In particular, Roseville refused to hold a due process hearing on Sean's identification from the time that Sharon Digre attempted to re-enroll Sean in the Roseville schools in December 1986. Roseville also requested the hearing officer to limit the issues to be heard in the April 15, 1987, due process hearing. Consequently, we find

---

**5.** Sharon Digre also requested a declaratory judgment that she and Sean were denied due process and equal protection under the EHA, various state statutes, and the federal and state constitutions.

**6.** The district court found that Sharon Digre was not entitled to attorneys' fees under 42 U.S.C. § 1988. Sharon Digre has not cross-appealed the district court's ruling on section 1988.

**7.** The district court exercised its discretion to reduce the amount of the award requested under 20 U.S.C. § 1415(e)(4)(F). Roseville appealed the attorneys' fees award to this court, but the appeal was dismissed for lack of jurisdiction on November 30, 1988.

*Rose* inapposite because there the local school district allowed the parents to present their objections in a due process hearing, whereas Roseville steadfastly opposed and prevented Ms. Digre's right to a full due process hearing.

We are not convinced by Roseville's argument that it reasonably believed state law required it to oppose a due process hearing on Sean's initial identification and placement. Minnesota law requires school districts to provide an impartial due process hearing if a parent objects to the proposed provision of special education services. Minn.Stat.Ann. § 120.17, subd. 3b(d)(4) (West Supp.1989). A Minnesota regulation also makes clear that a refusal to change a child's placement is an event which triggers parental due process rights under state law. *See* Minn R. § 3525.3600 (1989). Roseville is in effect arguing that the hearing officer's subsequent decision to exclude the identification and placement issue, as affirmed by the Commissioner, excused it of its initial refusal to provide a hearing on all issues. We disagree. Roseville refused to provide a full due process hearing for several months before state officers became involved, which calls into question its alleged reliance on the hearing officer's possibly erroneous interpretation of state law. Moreover, Roseville has cited no state statute, regulation, case, or administrative ruling which clearly supports its argument that state law prevented it from granting a due process hearing on the identification issue. In the absence of such authority, we find that Roseville's interpretation of state law was unreasonable, especially when contrasted with the EHA's clear and unequivocal requirement that school districts establish hearing procedures in order to provide parents or guardians "an opportunity to present complaints with respect *to any matters relating the identification, evaluation or education placement of the child,* or the provision of a free public education to such child." 20 U.S.C. § 1415(b)(1)(E) (emphasis added). Roseville directly contributed to the denial of Sharon Digre's rights under the EHA, and hence its conduct is not analogous to the blameless school district in *Rose.*

We find *Rose* distinguishable for a second reason. In determining if special circumstances existed which made enforcing an attorneys' fees award against the school district unjust, the *Rose* court was careful to note that the wronged party would be fully compensated for the violation of his EHA rights by the other defendants. *Rose,* 748 F.2d at 1264. The court thus found it unnecessary to award fees against the school district to vindicate the plaintiff's federal rights. *Id.* In contrast, Roseville is the only defendant in this case. If special circumstances are found here, Sharon Digre would receive no compensation for the attorneys' fees she incurred even though her rights under the EHA were admittedly violated. Accordingly, we hold that the district court did not abuse its discretion in declining to find that special circumstances existed which made an award of attorneys' fees unjust.

## III.

Roseville also argues that even if no special circumstances existed, the district court nevertheless abused its discretion by awarding Sharon Digre attorneys' fees incurred in pursuing unnecessary administrative proceedings after it was clear that the administrative process would not yield the relief requested. According to Roseville, Ms. Digre should have ended her participation in the administrative proceedings after the hearing officer excluded the identification and placement issue from consideration in the April 10, 1987 pretrial order. Roseville contends that once the hearing officer limited the issues, the administrative process could no longer provide Ms. Digre with her requested relief and she should have bypassed further participation in the administrative process and brought an action directly in federal court. Roseville thus contends that the district court abused its discretion in considering attorneys' fees incurred in administrative proceedings after April 10, 1987.

We hold that the district court did not abuse its discretion by awarding attorneys' fees incurred in the administrative

proceedings after April 10, 1987. We note that exhaustion of administrative proceedings is not required under the EHA when resort to such proceedings would be futile or provide inadequate relief. *Honig v. Doe,* 484 U.S. 305, 326, 108 S.Ct. 592, 605, 98 L.Ed.2d 686 (1984) (*Honig*). *See Digre I,* 841 F.2d 245, 250 n. 3.[8] However, we do not believe that Ms. Digre reasonably could have known that participation in the administrative proceedings after April 10, 1987 would have been futile or would have resulted in inadequate relief.

Sharon Digre could have obtained the relief she requested—a hearing on Sean's identification and placement—if the hearing officer modified the pretrial order and decided to consider this issue at the April 15th hearing. Ms. Digre did request that the hearing officer reconsider the exclusion of the identification issue, and the hearing officer agreed to do so. Even though the hearing officer affirmed the earlier decision, Ms. Digre had no way of knowing how the hearing officer would decide at the time she made the request for reconsideration. In addition, Sharon Digre could still have obtained the relief requested if the Commissioner reversed the hearing officer on appeal and ordered a hearing on Sean's identification and placement. Ms. Digre did in fact petition the Commissioner to reverse the hearing officer and order such a hearing, but the Commissioner refused to provide the relief requested.

Roseville would have a stronger argument if circumstances existed which clearly indicated that further resort to administrative proceedings would have been futile or inadequate after the hearing officer narrowed the issues. Such circumstances clearly do not exist in this case. We therefore decline Roseville's invitation to find, with the benefit of hindsight, that Sharon

Digre should have bypassed administrative proceedings after April 10, 1987. Although the EHA requires plaintiffs to be prudent and not incur unnecessary attorneys' fees, it does not require them to be prescient. We find that there was no way for Sharon Digre to know that administrative proceedings would be futile or inadequate at the time she exhausted her administrative remedies, and thus hold that it was not an abuse of discretion for the district court to consider attorneys' fees incurred in administrative proceedings after April 10, 1987.[9]

Accordingly, the district court's order awarding attorneys' fees is

Affirmed.

---

8. The legislative history of the EHA supports the conclusion that Congress intended that exhaustion not be required when it would be futile or provide inadequate relief. *See Honig v. Doe,* 484 U.S. 305, 326, 108 S.Ct. 592, 605, 98 L.Ed.2d 686 (1984); *J.G. v. Board of Educ.,* 648 F.Supp. 1452, 1456–57 (W.D.N.Y.1986), *aff'd as modified,* 830 F.2d 444 (2d Cir.1987).

9. We also note that the district court did not award the full amount of attorneys' fees requested by appellee. After finding that Sharon Digre

was overly litigious, the court exercised its discretion under 20 U.S.C. § 1415(e)(4)(F) to reduce the attorneys' fees award, granting Ms. Digre 50 percent of the attorneys' fees requested. Although the propriety of the district court's decision to reduce the attorneys' fees award is not before us, the district court's careful consideration and reduction of the fee request is another indicia of the reasonableness of the fee award in this case.