**Delores JOHNSON, Appellant,**

v.

**BISMARCK PUBLIC SCHOOL DISTRICT, Appellee.**

No. 90–5557.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided Nov. 25, 1991.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Delores Johnson appeals the district court's [1] dismissal of her action to recover attorneys' fees incurred in a state administrative proceeding brought to enforce her rights under the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1400–1485. Johnson argues that she was the prevailing party because the proceeding ended in a consent agreement providing the relief sought in her complaint, and that the district court abused its discretion in denying her a fee award. Finding no abuse of discretion, we affirm.

## I.

Johnson's son Michael is eligible for special education services under the EHA. In August 1989, defendant Bismarck Public School District (the "District") learned from its sister agency in Williston, North Dakota, that seven year old Michael would move to Bismarck that fall. On September 27, 1989, Johnson enrolled Michael in the Bismarck public schools, two days after she attended an initial meeting with District staff to discuss program and placement options for Michael. In November, after obtaining information about Michael's prior program in Williston and a medical evaluation of his disorders, the District prepared an Individualized Educational Program (IEP), as required by EHA. Johnson signed the IEP on December 15, 1989, after numerous meetings with District staff.

By the end of 1989, Johnson had become upset about the adequacy of Michael's educational services and the District's responsiveness to her concerns. When the situation failed to improve, she hired an attorney in early March, 1990. The attorney demanded and received a copy of Michael's record from the District. He then attended a meeting between Johnson and school offi-

Stephen D. Little, Bismarck, N.D., argued, for appellant.

Gary R. Thune, Bismarck, N.D., argued, for appellee.

1. The HONORABLE PATRICK A. CONMY, United States Chief District Judge for the District of North Dakota.

cials on April 2, 1990, but did not participate.

Another meeting to discuss Michael's placement and program was scheduled for April 17. At the request of Johnson's attorney, this meeting was rescheduled to April 24. Neither Johnson nor her attorney attended the April 24 meeting. After the District called to ask why he missed the meeting, Johnson's attorney began preparing a due process complaint, which he filed with the North Dakota Department of Public Instruction on May 2, 1990.

The complaint alleged in twenty numbered paragraphs a variety of procedural errors and EHA compliance failings by the District, obviously consisting of every perceived omission and questionable action that counsel could cull from his examination of Michael's record. The administrative complaint then prayed for the following relief:

1. Continuation of current placement pending the provision of legally mandated testing, evaluation, and the development of an Individual Educational Plan (IEP).

2. Compensatory education services throughout the summer of 1990 in order to compensate Michael Johnson for the failures of the Bismarck Public School District to heretofore provide him with legally mandated education services.

On June 25, 1990, after a number of negotiating sessions, the parties entered a consent agreement providing:

II. As a resolution of the [due process complaint], the [District] has agreed to provide Michael Johnson the following relief:

1. Appropriate testing and evaluation and the development of an appropriate Individual Educational Plan (IEP).

2. An extended year program to prevent educational regression throughout the summer of 1990....

When the District refused Johnson's demand for attorneys' fees, she filed this action for the sole purpose of recovering her attorneys' fees for the state administrative proceeding.

Johnson promptly moved for summary judgment awarding her attorneys' fees and costs in the amount of $6,420.55. The District contested both her right to a fee award and the amount requested. Following the submission of affidavits and memoranda by both parties, the district court denied Johnson's motion and granted summary judgment in favor of the District. The court concluded that, although Johnson "could be construed as the prevailing party," she "unreasonably protracted the final resolution of the controversy" because "neither [Johnson] nor her attorney made an effort to resolve the matter or articulate [her] requests to the [District] prior to the filing of the due process complaint." This appeal followed.

## II.

The EHA provides federal funding to state and local agencies for the education of handicapped children and conditions that funding upon compliance with extensive procedural and substantive requirements. *See generally Hendrick Hudson Dist. Bd. of Educ. v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). To be eligible for federal funds, a state must recognize the rights of a parent to participate in the development of an IEP for the child; to receive notice of relevant actions and decisions; and to challenge an action or IEP, first in an "impartial due process hearing" by the state agency, and then by an action in state or federal court. *See* 20 U.S.C. §§ 1401(20), 1415(b), (d), (e); *Town of Burlington School Comm. v. Massachusetts Dept. of Educ.,* 471 U.S. 359, 361, 105 S.Ct. 1996, 1998, 85 L.Ed.2d 385 (1985). It is undisputed that the District is subject to these requirements.

Section 1415(e)(4) governs the award of attorneys' fees in actions to enforce EHA rights. It contains two provisions that are critical to our resolution of this appeal:

"(B) In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the

parents of a handicapped child or youth who is the prevailing party.

\* \* \* \* \* \*

"(F) Whenever the court finds that ... the parent or guardian, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy ... the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this subsection."

Many circuits have held, and we agree, that this statute permits a parent to recover attorneys' fees after prevailing at the state administrative level by filing a separate suit in federal court solely for that purpose. *See Moore v. District of Columbia,* 907 F.2d 165, 166 (D.C.Cir.) (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990), and cases cited. Thus, the district court correctly dealt with the merits of Johnson's claim for attorneys' fees under § 1415(e)(4).

■ The initial question is one that obviously troubled the district court—whether Johnson was a "prevailing party," that is, did she "succeed on 'any significant issue ... which achieve[d] some of the benefit [she] sought' " in filing her due process complaint? *Texas State Teachers Ass'n v. Garland Ind. School Dist.,* 489 U.S. 782, 791–792, 109 S.Ct. 1486, 1492–1493, 103 L.Ed.2d 866 (1989), quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir. 1978). Johnson treats this issue as obvious because the consent agreement gave her "everything she sought" in the due process complaint. The district court stated only that Johnson "could be construed as the prevailing party."

Johnson's due process complaint contained two prayers for relief. First, she requested testing, evaluation and development of another IEP. That is what the EHA requires on an annual basis, §§ 1413(a)(11), 1414(a)(5). The District provided an IEP for Michael for the 1989–1990 school year, his first in Bismarck, and presented evidence that all IEPs are routinely reviewed in the spring of each year. Thus, the "relief" obtained in paragraph II.1 of the consent agreement comes perilously close to being no more than a "purely technical or de minimis" victory. *See Texas Teachers,* 489 U.S. at 792, 109 S.Ct. at 1493; *Rodabaugh v. Sullivan,* 943 F.2d 855, 858 n. 3 (8th Cir.1991).

Second, Johnson's complaint requested "compensatory education services throughout the summer" of 1990. Johnson had not requested a special summer program for Michael before filing the due process complaint. Because the Johnsons had not lived in Bismarck the previous summer, Johnson could not assume that an informal request for such a program would be futile. Therefore, although paragraph II.2 of the consent agreement provided a real benefit to Michael, we seriously doubt whether there is the necessary causal relationship between this benefit and the filing of the due process complaint. *See Robinson v. Ariyoshi,* 933 F.2d 781, 783 (9th Cir.1991); *Shipman v. Missouri Dept. of Family Serv.,* 877 F.2d 678, 682 (8th Cir.1989), *cert. denied,* 493 U.S. 1045, 110 S.Ct. 842, 107 L.Ed.2d 837 (1990).

For the above reasons, we share the district court's ambivalence on this issue. While it would be excessively harsh to hold that Johnson was not a prevailing party at all, there was little gained by litigation that ended with a promise by the District to provide services that it had not previously refused to provide. Thus, we conclude that this was the kind of "limited success" that justifies a significant reduction in an attorneys' fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983); *Max M. v. New Trier H.S. Dist.,* 859 F.2d 1297, 1301–1302 (7th Cir.1988).

Assuming Johnson was a prevailing party, § 1415(e)(4)(B) expressly provides that an award of attorneys' fees is not automatic or mandatory, but is within the sound discretion of the district court. We review fee award decisions on an abuse of discretion standard. *Independent School Dist. No. 623 v. Digre,* 893 F.2d 987, 990 (8th Cir.1990). In this case, we conclude that the district court did not abuse its discretion in denying an attorneys' fee award.

There are conflicting policy concerns that must be carefully balanced in awarding

attorneys' fees under EHA. On the one hand, procedural safeguards, including those ensuring meaningful parent participation in the decision-making process, are a major component of this statute. As the Supreme Court has stated:

> [W]e think that the importance Congress attached to these procedural safeguards cannot be gainsaid. It seems to us no exaggeration to say that Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process ... as it did upon the measurement of the resulting IEP against a substantive standard.

*Rowley*, 458 U.S. at 205–206, 102 S.Ct. at 3050. Therefore, when a parent has been frozen out of the process, or when only lip service has been paid to the parent's views, a due process complaint that remedies that situation vindicates a major purpose of the statute, and the parent is clearly a prevailing party entitled to an attorneys' fee award.

■ On the other hand, as Congress recognized when it mandated reduced fees for a parent who "unreasonably protracted the final resolution," § 1415(e)(4)(F), needless litigation frustrates the EHA's objectives by fostering delay, exacerbating ill-will among parties who should cooperate in educating the handicapped child, and wasting the resources of all concerned. Thus, before a § 1415(e)(4) lawsuit is commenced, "[a] school district should be [put] on notice of disagreements and given an opportunity to make a voluntary decision to change or alter the educational placement of a handicapped child." *Evans v. District No. 17*, 841 F.2d 824, 831–832 (8th Cir.1988). And such litigation should not be "continued ... in an extensive and expansive fashion after ... plaintiffs [achieve] most, if not all, of the substantial results" they seek. *Howey v. Tippecanoe School Corp.*, 734 F.Supp. 1485, 1490 (N.D.Ind.1990).

In this case, we know that Johnson was upset with the District's implementation of Michael's 1989–1990 IEP, but the record does not reflect the exact nature of her concerns. Johnson's attorney attended one meeting with school officials, at which he said nothing, and apparently forgot to attend a second meeting. He then prepared and filed the due process complaint without any attempt at informal negotiation, indeed, without even telling District officials what relief he thought Johnson deserved. That complaint alleged an array of procedural violations that shed little light on the real dispute, and sought relief consisting of a recitation of the District's statutory IEP duties, plus a new demand for special summer services.

Under these circumstances, we think it apparent that reductions in the fee award were clearly warranted for limited success on the merits and for unreasonably protracting a resolution by commencing litigation. The district court was in the best position to evaluate, in the context of an attorneys' fee award, whether the District had been recalcitrant in recognizing Johnson's parental rights until her attorney appeared on the scene *and* filed the due process complaint, or whether the attorney frustrated the statute's purpose by withholding efforts at meaningful cooperation until formal litigation was commenced. Therefore, we cannot say that the district court abused its discretion in denying Johnson's application for attorneys' fees altogether.

## III.

■ Finally, Johnson argues that the district court erred in granting summary judgment to the District, the non-moving party, in response to her motion for summary judgment. Most federal courts have held that a district court has the power to grant summary judgment against the party making a Rule 56 motion, even if the non-moving party did not make a cross motion. *See* 6 Moore's *Federal Practice* ¶ 56.12, at p. 56–162 & n. 5 (1991). This court has not had occasion to consider the question, though we have held, contrary to some other circuits, that a district court has no power to order summary judgment *sua sponte* because we require "strict compliance" with the procedural demands of Rule

56. *Williams v. City of St. Louis,* 783 F.2d 114, 116 (8th Cir.1986).

In this case, Johnson filed a Rule 56 motion for an award of attorneys' fees, an issue that is almost always resolved by the court without an evidentiary hearing. She submitted a Statement of Material Facts Not in Controversy, an attorney affidavit detailing the services rendered, and a memorandum in support of her motion. The District responded, contesting both Johnson's right to a fee award, and the amount requested. Johnson then submitted further affidavits and a memorandum in reply.

■ At this point, both parties obviously expected the district court to make a final ruling in response to Johnson's motion. When the district court determined that no attorneys' fee should be awarded, it of course ordered that judgment be entered for the District because the fee award was the only issue in the case. This was not an improper grant of summary judgment for the non-moving party; it was a determination on the merits of an issue that the parties had agreed should be decided in summary fashion. *See Tripp v. May,* 189 F.2d 198, 199–200 (7th Cir.1951). Faced with an adverse district court ruling, Johnson would now like an opportunity to marshall more facts in rebuttal. However, she initially moved the district court to rule on this issue on a summary judgment basis; she never advised the district court that she needed more time to make further submissions, *see* Rule 56(e), (f); and there is no showing that she was not afforded a full and fair opportunity to develop the record. *See Fountain v. Filson,* 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949). Thus, the district court fully complied with Rule 56.

For the above reasons, the judgment of the district court is affirmed.