966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sanford L. BESHEAR, JR., Appellee,
v.
Thomas F. BUTT, Chancellor & Member; William S. Arnold,
Attorney & Vice Chairman; Stark Ligon, Circuit Judge &
Member; William C. Gilliam, Municipal Judge & Member;
Phillip E. Dixon, Attorney & Member; James O. Cox, Attorney
& Member; Dewey Stiles, Member; Joy Greer, Member; Annie
Abrams, Member; George Cracraft, Court of Appeals Judge &
Alternate; Harry Barnes, Circuit Judge & Alternate;
Annabelle Davis Imber, Chancellor & Alternate; Spence
Leamons, Attorney & Alternate; Steve Engstrom, Attorney &
Alternate; Sherry Walker, Alternate; O. C. Jones,
Alternate; Beverly Lambert, Alternate; James A. Badami,
Executive Director; Arkansas Judicial Discipline &
Disability Commission; David Mac Glover, Attorney &
Alternate, Appellants.
 No. 91-3426EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 12, 1992.
Filed: June 4, 1992.
 
 Before FAGG and BEAM, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 Sanford L. Beshear, Jr. brought this lawsuit against the Arkansas Judicial Discipline and Disability Commission and its members (collectively the Commission), seeking injunctive and declaratory relief to prevent the Commission from sanctioning him under an Arkansas canon of judicial conduct that he contends is unconstitutional. The Commission appeals the district court's order granting summary judgment in Beshear's favor. We reverse and remand for further proceedings consistent with this opinion.
 
 
 2
 During his unsuccessful campaign for judicial office in Arkansas, Beshear distributed handbills in which he stated that he interpreted an Arkansas rule of criminal procedure as not allowing plea bargains. Beshear further commented that he would not permit plea bargains when he presided over criminal cases. An Arkansas attorney filed a disciplinary complaint with the Commission contending Beshear's statements were misleading and contrary to Canon 7(B)(1)(c) of the Arkansas Code of Judicial Conduct. Canon 7(B)(1)(c) prohibits judicial candidates from making "pledges or promises of conduct in office" or announcing the candidate's "views on disputed legal or political issues." Before the Commission had a chance to consider the complaint, Beshear filed this lawsuit seeking a declaratory ruling that Canon 7(B)(1)(c) is unconstitutional on its face and as applied. Beshear also sought an injunction prohibiting the Commission from enforcing Canon 7(B)(1)(c).
 
 
 3
 The Commission filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending the district court should decline to exercise jurisdiction based on the doctrines of federal abstention and comity. The Commission contended Beshear's injuries were purely speculative, Beshear had an adequate remedy in the Arkansas state courts, and the Arkansas state courts should have the first opportunity to interpret and apply state judicial canons before a federal court considered their constitutionality. The district court, however, did not limit its ruling to the jurisdictional question raised in the Commission's motion. Instead, the district court sua sponte granted summary judgment in Beshear's favor, declaring Canon 7(B)(1)(c) unconstitutional and ordering a permanent injunction prohibiting the Commission from enforcing it.
 
 
 4
 On appeal, the Commission contends the district court committed error in sua sponte granting Beshear summary judgment. We agree. "The Federal Rules of Civil Procedure contemplate entry of summary judgment only after a motion by a party [under Rule 56]." Williams v. City of St. Louis, 783 F.2d 114, 116 (8th Cir. 1986). Neither the Commission nor Beshear had moved for summary judgment, and in this circuit "a district court has no power to order summary judgment sua sponte because we require 'strict compliance' with the procedural demands of Rule 56." Johnson v. Bismarck Pub. Sch. Dist., 949 F.2d 1000, 1004-05 (8th Cir. 1991); see also Layton v. United States, 919 F.2d 1333, 1334-35 (8th Cir. 1990); Moore v. Warwick Pub. Sch. Dist., 794 F.2d 322, 325 (8th Cir. 1986). The district court never gave the parties notice it intended to treat the Commission's motion as one for summary judgment, and the Commission was clearly taken by surprise when the district court granted Beshear summary judgment rather than limiting its decision to whether the court should exercise jurisdiction. Thus, the Commission was deprived of both the opportunity to raise possible factual and legal defenses it had not yet had been required to raise, and the opportunity adequately to address the merits of Beshear's complaint. See Layton, 919 F.2d at 1335; Horn v. City of Chicago, 860 F.2d 700, 703 n.6 (7th Cir. 1988).
 
 
 5
 We reverse the district court's order granting summary judgment to Beshear and remand for further proceedings consistent with this opinion. Because the district court treated the Commission's motion as one for summary judgment and focused on the merits of Beshear's complaint, we do not believe the district court gave adequate attention to the Commission's motion to dismiss on abstention and comity grounds. Thus, because this case implicates Arkansas's inherent and unique interest in regulating its judicial elections, on remand the district court should begin anew and reconsider the jurisdictional question raised in the Commission's motion to dismiss.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation