K.C. 1986 LIMITED PARTNERSHIP, Plaintiff,

v.

READE MANUFACTURING, et al., Defendants,

v.

Habco, Inc., et al., Third–Party Defendants.

No. 93–1062–CV–W–5.

United States District Court, W.D. Missouri, Western Division.

Sept. 16, 1998.

**836**

Charles F. Speer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for K.C. 1986 Limited Partnership.

Carl H. Helmstetter, Elaine D. Koch, Spencer Fane Britt & Browne, LLP, Kansas

City, MO, John Bradley Leitch, Sonnenschein, Nath & Rosenthal, Kansas City, MO, Barry S. Sandals, Morrison & Foerster, San Francisco, CA, for Reade Manufacturing.

Richard J. Pautler, Thompson Coburn, St. Louis, MO, Ian P. Cooper, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, MO, Michele B. Corash, Gloria Jang, Sean J. Mahoney, Morrison & Foerster, San Francisco, CA, Joseph R. Colantuono, Wehrman & Colantuono, L.L.C., Leawood, KS, Barry S. Sandals, Morrison & Foerster, San Francisco, CA, for U.S. Borax, Inc.

Carl H. Helmstetter, Elaine D. Koch, Spencer Fane Britt & Browne, Kansas City, MO, for Remacor.

David E. Shay, Joel P. Brous, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, for Nancy Reade Forster.

Richard J. Pautler, Thompson Coburn, St. Louis, MO, Ian P. Cooper, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, MO, Michele B. Corash, Morrison & Foerster, San Francisco, CA, Sean J. Mahoney, Morrison & Foerster, San Francisco, CA, for U.S. Borax, Inc.

Charles F. Speer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for K.C. 1986 Limited Partnership, counter-defendant.

Joe B. Whisler, Susan Elizabeth McKeon, Cooling & Herbers, P.C., Kansas City, MO, Edward L. Smith, Theresa Shean Hall, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, Charles Rogers, Thomas Larson, Torbjorn Svensson, Minneapolis, MN, Donald G. Scott, Edward R. Spalty, Charles F. Speer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Joanne M. Barbera, Cooling & Herbers, Kansas City, MO, for Habco, Inc.

Edward L. Smith, Theresa Shean Hall, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, Charles Rogers, Thomas Larson, Torbjorn Svensson, Minneapolis, MN, Donald G. Scott, Edward R. Spalty, Charles F. Speer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Donald E Horne.

## ORDER

LAUGHREY, District Judge.

Pending before the Court is Terracon Environmental Inc.'s ("Terracon") Motion to Strike Borax, Inc's ("Borax") Cross–Motion for Summary Judgment and Suggestions in Support, Borax's Opposition and Terracon's Reply.

Pursuant to the Eighth Amended Scheduling Order, all motions for summary judgment were due on or before October 15, 1997. Borax's Cross–Motion for Summary Judgment was filed October 28, 1997, approximately two weeks past the deadline. Borax does not contest the timeliness of its motion, but argues that as a matter of efficiency, the Court should address both parties' summary judgment motions because they present converse sides of the same issue.

Terracon's Motion for Summary Judgment seeks this Court's Order that it is not liable under CERCLA in addition to seeking summary judgment on the other claims asserted against it. Borax's Cross–Motion seeks this Court's Order finding that Terracon is liable under CERCLA. Terracon argues that Borax's Cross–Motion for Summary Judgment is not merely the direct converse of its motion for summary judgment, as Borax argues, but that it actually raises additional issues which are fact intensive rather than strictly legal. As Terracon points out, failing to find that it is not liable under CERCLA as a matter of law does not necessarily dictate a finding that it is liable under CERCLA as a matter of law. This further finding, which Borax seeks in its Cross–Motion for Summary Judgment, requires an additional factual analysis.

■ The Court properly may strike a motion for summary judgment filed out of time. The Court also properly may grant "summary judgment as long as the 'party against whom judgment will be entered was given sufficient advance notice and an opportunity to demonstrate why summary judgment should not be granted.'" *Coplin v. Fairfield Pub. Access Television Comm.*, 111 F.3d 1395, 1407 (8th Cir.1997) (quoting *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir.1995)). Further, "[m]ost federal courts have held that a district court has the power to grant summary judgment against the party making a Rule 56 motion, even if the non-moving party did not make a cross-motion." *Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1004 (8th Cir.1991) (citing 6 Moore's *Federal Practice* ¶ 56.12, at p. 56–162 & n. 5 (1991)). Terracon has responded to Borax's Cross Motion for Summary Judgment and responded as fully as it would have had the Cross Motion been timely filed. It follows that if the Court has the power to sua sponte grant summary judgment where the parties have been put on notice and afforded an opportunity to oppose it, and the power to grant summary judgment against the party making a Rule 56 motion, it can entertain a cross-motion before it, although not timely filed.

■ Further, the current disposition of this case weighs in favor of the Court denying Terracon's Motion to Strike Borax's Cross–Motion for Summary Judmgent. The case is currently stayed pending the Environmental Protection Agency approving a remedy for cleanup of the contaminated site. Pursuant to the request of the parties, the Court is entertaining all Motions for Summary Judgment related to Terracon and Hardee's. The parties have fully responded to Borax's Cross–Motion, and resolution of the Cross–Motion will not unduly burden judicial resources or require the expenditure of additional resources by the parties.

Accordingly, it is hereby

ORDERED that Terracon's Motion to Strike Borax's Cross–Motion for Summary Judgment (Doc. # 514) is DENIED.